**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James E. Skinner,            )<br>                                       )<br>            Plaintiff,        )<br>                                       )<br>vs.                                 )<br>                                       )<br>Charles Ryan, et al.,       )<br>                                       )<br>            Defendants.    )<br>_____ ) | No. CV-09-2152-PHX-SMM (LOA)<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion to Compel Plaintiff to Sign Medical Authorization. (Doc. 66) Plaintiff opposes the motion as untimely. (Doc. 68) In their Reply, Defendants argue that the request that Plaintiff sign the medical authorization for the "purpose of accessing his medical records from the Arizona Department of Corrections ('ADC')" is not a discovery request. (Doc. 69 at 1) Rather, Defendants "are simply seeking a signed medical authorization to obtain Plaintiff's medical records because Plaintiff has put his health at issue in this case." (*Id.* at 1-2)  For the reasons set forth below, the Court will deny Defendants' Motion to Compel.

Defendants' efforts to characterize their request for access to Plaintiff's medical records as something other than a discovery request is, at best, disingenuous and, at worst, an intentional misrepresentation to the court. As Defendants state in their motion, Plaintiff's Complaint alleges that he was housed in a filthy cell and that Defendants continually denied his requests for cleaning supplies. Plaintiff further argues that the plexiglass shield covering the front of his cell prevented air from circulating and adversely impacted the temperature in his

cell. Plaintiff also alleges he was subjected to extreme temperatures for eight months without being provided adequate clothing. As a result of these conditions, Plaintiff alleges he suffered blinding headaches and nausea. (Doc. 1) Defendants contend that, when preparing Defendants' dispositive motion, counsel for Defendants "determined it was necessary to review Plaintiff's medical records." (Doc. 66 at 2)

Accordingly, defense counsel sent Plaintiff a letter on October 6, 2010, requesting that Plaintiff provide a medical authorization to release his ADC medical records. Counsel indicates that Plaintiff, through his counselor CO III Brown, advised counsel he would not sign the authorization. Defendants filed the pending motion to compel, arguing that because Plaintiff has placed his medical condition at issue, he cannot "refuse discovery on that issue." (*Id.*) In their own motion to compel, Defendants refer to Plaintiff's medical records, which Defendants seek to access by way of a medical authorization executed by Plaintiff, as "discovery." (*Id.* at 2) ("Plaintiff has placed his health at issue and cannot, therefore, refuse *discovery* on that issue.") (emphasis added). Defendants' request for Plaintiff's medical records via a medical authorization is properly characterized as discovery.

In an effort to avoid the discovery deadlines, Defendants' Reply asserts that they are not seeking discovery, but are merely seeking an order directing Plaintiff to sign a medical authorization. (Doc. 69) As Defendants noted in their Motion to Compel, the medical records are discovery. The fact that Plaintiff must sign a medical authorization to permit the Arizona Department of Corrections to release those records does not change the underlying character of the medical records themselves. Besides, Defendants have not provided the Court with any authority, much less controlling or persuasive authority, that a plaintiff, alleging personal injury and damages in a civil case, is required under the Federal Rules of Civil Procedure to sign a medical authorization for the release of his medical records. For example, such records may be obtained by a timely request for subpoena *duces tecum* and court order prior to the expiration of discovery. *Kent v. Cummings*, 2010 WL 2643538 (D.Ariz. 2010); *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D.Nev. 1998) (concluding that a plaintiff cannot be compelled to sign a medical release pursuant to Rule 34, Fed.R.Civ.P., to obtain copies of her medical records

in the possession of her physician). Of course, a plaintiff may voluntarily sign a medical authorization if he so agrees. A plaintiff , however, must produce copies of relevant medical records in his possession pursuant to Rules 26(a)(1)(A)[1] and if requested by 34, Fed.R.Civ.P.

As Plaintiff noted in his response, Defendants' October 6, 2010 letter to Plaintiff requesting that he sign the medical authorization was served several months after the June 21, 2010 discovery deadline. (Doc. 26) Likewise, the Motion to Compel was filed over a month after the already-extended September 3, 2010 deadline for bringing discovery disputes to the Court's attention. (Doc. 48)  Defendant's discovery request and motion to compel are untimely. Defendants have not even attempted to explain why their discovery request and motion to compel are untimely or why an extension of the applicable deadlines is warranted. *See* Fed.R.Civ.P. 6(b) (stating that the court may, for good cause shown, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."). Moreover, the Ninth Circuit has made clear that the Rule 16 deadlines are "to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994)

Additionally, Defendants have not certified "that after personal consultation and sincere efforts to do so," they were unable to resolve this discovery issue with Plaintiff absent court intervention as mandated by Rule 37(d)(1)(B), Fed.R.Civ.P., and LRCiv 7.2(j).  The discovery deadline expired on June 21, 2010, doc. 26, and the discovery motion deadline was extended to September 3, 2010. (Doc. 48)  Because Defendants' October 14, 2010 Motion is untimely and Defendants have not conferred with Plaintiff to resolve this matter as required by Rule 37(d)(1)(B), Fed.R.Civ.P., and LRCiv 7.2(j), the Court will deny Defendants' Motion to Compel.  The Court, however, urges that parties to mutually resolve this issue on their own as

---

[1] Federal Rule of Civil Procedure 26(a)(1)(A) requires that, unless exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a plaintiff must disclose witnesses who may possess discoverable information and the substance of that information, documents, and tangible items which may be used to support the claims made, and a computation of damages. Rule 26(a)(1)(B)(iv), however, exempts a prisoner plaintiff from initial disclosures in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision . . . ." Rule 26(a)(1)(B) (iv), Fed.R.Civ.P.

it may serve both sides' interests in the long run for Plaintiff to voluntarily disclose his relevant medical records prior to trial. Because Plaintiff has put his health at issue, Plaintiff and Defendants will need access to Plaintiff's medical records to pursue or defend this action.

In view of the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel, doc. 66, is **DENIED**.

Dated this 5th day of November, 2010.

Lawrence O. Anderson
United States Magistrate Judge